# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JILL HARBOLT, | ) | CASE NO.: 5:17CV1011 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Jill Harbolt to the Report and Recommendation ("R&R") of the Magistrate Judge. On March 2, 2018, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the denial of Harbolt's application for benefits. On March 15, 2018, Harbolt objected to the R&R. On March 26, 2018, the Commissioner responded to Harbolt's objections. The Court now resolves those objections.

## I. Standard of Review

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence

in the record that would have supported an opposite conclusion." *Id.*

## II. Harbolt's Objections

In her first objection,[1] Harbolt contends that the ALJ and Magistrate Judge incorrectly determined that Dr. Mahilo was not a treating source. However, within the argument in support of that objection, Harbolt contends that Dr. Mahilo should have been afforded more weight than the agency consultants because he was an examining physician. In any event, the R&R correctly concluded that Dr. Mahilo was not a treating source. "The case law is clear that one examination is generally not sufficient to establish an ongoing relationship at the time of that examination." *Punches v. Comm'r of Soc. Sec.*, 2013 WL 3992593 at *3 (N.D. Ohio Aug. 5, 2013). To the extent that Harbolt contends that Dr. Mahilo's opinion should have received more weight than a non-examining agency consultant, Harbolt ignores the record. As the R&R highlights, the ALJ gave reasons for discounting Dr. Mahilo's opinion which were supported by the medical record. As such, the ALJ fulfilled his obligations to evaluate Dr. Mahilo's opinion.

Harbolt next asserts that the R&R erred when it found no error in the manner in which the ALJ evaluated her GAF scores. The Sixth Circuit has previously opined as follows with respect to GAF scores:

> We take a case-by-case approach to the value of GAF scores. Previously, we have refused to find that a low GAF score established that the ALJ's decision was not supported by substantial evidence where the ALJ had reason to doubt the credibility of the assigning source; the claimant had conflicting GAF scores; the GAF scores were not accompanied by a suggestion that the claimant could not perform any work; substantial evidence supported the conclusion that the claimant was not disabled; and the VE testified that an individual with the claimant's limitations could still perform a number of jobs. *See Kornecky*, 167 Fed.Appx. 496, 511 (6th Cir.2006). On the other hand, we have looked to consistency among low GAF scores to determine that an ALJ minimized the severity of a claimant's symptoms and failed to provide good reasons for assigning limited weight to a treating doctor's opinion. *See Keeton*, 583 Fed.Appx. at 529–30, 530 n. 6. We have also looked to

---

[1] Harbolt does not separately delineate her objections, nor does she attempt to tie them to her assignments of error. The Court, however, will endeavor to address every argument raised by Harbolt within her 5-page brief of objections.

the inconsistency between one doctor's assigned GAF score and a different doctor's opinion as a proper basis for rejecting the latter doctor's opinion. *See Gribbins v. Comm'r of Soc. Sec. Admin.*, 37 Fed.Appx. 777, 779 (6th Cir.2002).

*Miller v. Comm'r of Soc. Sec.,* 811 F.3d 825, 836 (6th Cir. 2016). Contrary to the rule espoused in *Miller*, Harbolt seeks to have this Court find that consistent GAF scores mandate a finding in her favor. As noted above, *Miller* does not require such a result. Rather, consistent with the holding in *Miller*, the ALJ and the R&R treated the GAF scores as they would any other evidence in the record. The scores were evaluated in the overall context of Harbolt's entire medical file. Within that context, it was noted by the ALJ that the scores were not consistent with Harbolt's treatment notes. Based upon the ALJ's recitation of those notes and Harbolt's testimony, the ALJ and the R&R did not err in refusing to find disability solely upon the consistently low GAF scores.

Next, Harbolt contends that the ALJ improperly relied upon the "sit and squirm" test when evaluating her credibility. In making such an argument, Harbolt ignores that the ALJ gave a 3-page description of the reasons for finding that Harbolt lacked credibility in certain respects. Contrary to Harbolt's assertion, the ALJ did not rely solely upon an observation within the hearing room. The R&R accurately quotes the three pages of reasoning that was relied upon to find that Harbolt lacked credibility. Harbolt has not attacked the veracity of the remaining reasons given by the ALJ, and this Court's *de novo* review of those reasons reveals that they are supported by substantial evidence.

In her final objection, Harbolt appears to take issue with how her use of a cane was evaluated at Step Five. The R&R notes as follows with respect to Harbolt's cane usage:

> As for her cane use, Harbolt testified she uses a cane due to back pain radiating down her leg and requires it to ambulate and get out of bed. (Tr. 197,205.) However, she also testified she began to use a cane after her December 2015 "mini stroke." (Tr. 197.) A review of her physical therapy record indicates she received the cane during a brief hospitalization for nausea. (Tr. 800, 816.)

Doc. 18 at 46. In other words, Harbolt's medical records conflicted with her testimony with

respect to why she utilized a cane. Given that conflict, the ALJ was not required to credit Harbolt's testimony and find a sedentary RFC in the matter. Rather, as the R&R notes, the ALJ properly analyzed Harbolt's credibility and that determination is supported by substantial evidence.

For the reasons stated below, Harbolt's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Dated: July 5, 2018                                    /s/ John R. Adams
                                                       JUDGE JOHN R. ADAMS
                                                       UNITED STATES DISTRICT JUDGE